IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARLIN SANTANA THOMAS,<br><br>Defendant. | Case No. 25-cr-58<br><br><br>DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT |

Defendant, Marlin Santana Thomas, through counsel, submits the following brief in support of his motion to dismiss the indictment.

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)(i), the Defendant, Marlin Thomas, respectfully moves the Court to dismiss the above-captioned cause due to improper venue.

## I.  Background

The Government has charged Thomas with four counts of sex trafficking four victims in violation of 18 U.S.C. § 1591(a)(1), and an additional four counts for prostituting three of those victims in violation of § 2422(a). Docket No. 3. The indictment avers that venue is proper in the Northern District of Iowa.

The Government has generally proffered to the undersigned that venue is proper in this district because Thomas transported victim number 1 through the Northern District of Iowa en route to Illinois, Minnesota, and North Dakota for the purpose of committing commercial sex acts, because Thomas transported victim number 2 through the Northern District of Iowa en route to Illinois, Minnesota, and North Dakota for the purpose of committing commercial sex acts, because

1

victim number 3 was trafficked and prostituted in Cedar Rapids[1] and Dubuque, and because an advertisement for victim number 4 was posted in Cedar Rapids.

## II. Legal Framework

The Constitution provides that an accused enjoys the right to a trial by jury in the district where the crime was committed. U.S. Const. art. III, § 2, cl. 3; U.S. Const. amend. VI; *United States v. Cabrales*, 524 U.S. 1, 6 (1998) (finding that "[p]roper venue in criminal proceedings was a matter of concern to the Nation's founders," as the "Constitution twice safeguards the defendant's venue right."). Unless a statute or rule otherwise permits, the government must prosecute an offense in a district where the offense was committed.

Section 3237(a) of Title 18 of the United State Code provides that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."[2] The federal rules of criminal procedure direct that "the government must prosecute an offense in a district where the offense was committed," and "the court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18.

The United States Supreme Court has outlined the general test for determining venue:

---

[1] The Government has noticed that it believes Thomas trafficked victim number 3 approximately ten times in Cedar Rapids.

[2] The Defense recognizes that Section 3237(a) also provides that: Any offense involving . . . transportation in interstate or foreign commerce . . . is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce . . . or imported object or person moves. Compare 18 U.S.C. §§ 1591(a) and 2422(a); *see United States v. Unpradit*, 35 F.4th 615 (8th Cir. 2022) (observing that § 1591(a) is a continuing offense).

> The locus delicti of the charged offense must be determined from the nature of the crime alleged and the location of the act or acts constituting it. In performing the inquiry, a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts. *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999).

"When the statute proscribing the offense does not contain an express venue provision, '[t]he locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it.'" *United States v. Morgan*, 393 F.3d 192, 196 (D.C. Cir. 2004).[3] "When a defendant is charged with multiple counts, venue must be proper on each count." *United States v. Bowens*, 224 F.3d 302, 308 (4th Cir. 2000). Of course, the Defense acknowledges that if the criminal conduct spans multiple districts, the crime may be tried in any district in which at least one conduct element was committed. See 18 U.S.C. § 3237(a); *Rodriguez-Moreno*, 526 U.S. at 281.

The location of the crime and the nature of the crime alleged is determined from the location of the acts supporting the essential conduct elements of the crime. *See United States v. Auernheimer*, 748 F.3d 525, 533 (3d Cir. 2014) (discussing distinction between essential conduct elements and circumstance elements and finding that only essential conduct elements may establish venue). Essential conduct elements describe actions proscribed by a criminal statute. *United States v. Bowens*, 224 F.3d 302, 310 (4th Cir. 2000).

In addition, Congress "may, consistent with the venue clauses of Article III and the Sixth Amendment, define the essential conduct elements of a criminal offense in terms of their effect, thus providing venue where those effects are felt." *Bowens*, 224 F.3d at 312; *Auernheimer*, 748 F.3d at 537 (citing *Bowens* at 311). This "effects-based" test asks two questions: (1) did Congress

---

[3] The relevant statutes here, 18 U.S.C. § 1591(a)(1) and § 2422(a) contain no venue provision.

3

define a crime's essential conduct elements in terms of their effect; and (2) if so, did the district in question actually feel the effects of the proscribed conduct? The first question is purely legal and may be addressed at the motion-to-dismiss stage. The second question is factual and must be proven by a preponderance of the evidence at trial.

To determine venue, the Court must therefore (i) identify § 1591(a)'s and § 2422(a)'s essential conduct elements, and (ii) decide whether their essential conduct elements are defined in terms of their effects.

### III.  Argument

Respecting the inquiry into "essential conduct elements," the Court must identify the essential conduct elements for the §§ 1591(a) and 2422(a) counts. Then, the Court must discern the location of the commission of the essential conduct elements, which are the only relevant elements for venue, and determine whether the location of their commission is the same as the location of the trial. *See United States v. Smith*, 22 F.4th 1236, 1243 (11th Cir. 2022).

The elements of sex trafficking are: 1) the defendant knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means each of the four alleged victims; 2) the defendant knowingly or reckless disregard that fact that means of force, threats of force, fraud, coercion, and any combination of these means would be used to cause each of the four alleged victim to engage in a commercial sex act; and 3) the offense affected interstate commerce. See Eighth Circuit Criminal Jury Pattern Instructions; Docket No. 3.

But, the essential *conduct* elements of sex trafficking are only 1) that the defendant knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means each of the four alleged victims; and 2) the defendant knowingly or reckless disregard that fact that means of force, threats of force, fraud, coercion, and any combination of these means would be used to

4

cause each of the four alleged victim to engage in a commercial sex act. Section 1591's element that the "offense effected interstate commerce" is not an essential conduct element. *See United States v. Walls*, 784 F.3d 543 (9th Cir. 2015) (holding that Section 1591 requires only a "de minimis" effect on interstate commerce); *United States v. Dejesus,* No. 17-CR-370 (VEC), 2017 WL 3738783 (S.D.N.Y. Aug. 30, 2017) (holding that Section 922(g)'s "affecting interstate commerce" element is not an essential conduct element because Section 922(g) requires only a "de minimis" effect on interstate commerce).

The elements of transportation for the purpose of prostitution are: 1) the defendant did knowingly persuade, induce, entice, and coerce each of the three alleged victims in the four counts to travel in interstate commerce; 2) during such travel a state line was crossed; and 3) the defendant did so with the intent for each of the three alleged victims in the four counts to engage in prostitution. *Id.* But, the only essential *conduct* element for transportation for the purpose of prostitution is that the defendant did knowingly persuade, induce, entice, and coerce each of the three alleged victims in the four counts to travel in interstate commerce.

Venue is improper in the Northern District of Iowa because the Government's only evidence connecting Thomas to this District is the above-noted proffers.[4] This proffer is insufficient to establish venue. Venue is especially improper with respect to alleged victim number one as charged in count one, and victim number two as charged in count two. This is because it appears they merely passed through the Northern District of Iowa. Merely passing through a jurisdiction does

---

[4] It is also worth noting that the parties' disagreement over discovery handicaps the Defense's ability to litigate the instant motion. See Docket Nos. 30 and 34-35.

not establish that any of essential conduct elements of sex trafficking occurred in the Northern District of Iowa.[5]

The most obvious essential conduct element of sex trafficking is its second element (that the defendant knowingly or reckless disregard that fact that means of force, threats of force, fraud, coercion, and any combination of these means would be used to cause each of the four alleged victim to engage in a commercial sex act). The Defendant respectfully asserts that the location of this element is where the victim 1 and victim 2 were forced or coerced to engage in commercial sex acts. As it does not appear that victims 1 or 2 were forced or coerced to engage in commercial sex acts in the Northern District of Iowa, venue is improper in this District.

This District also lacks venue for count four. The Defense respectfully asserts that the mere placement of an advertisement for victim number four in the Northern District of Iowa does not make this District the location for any of § 1591(a)'s essential conduct elements. Posting an advertisement for victim number four in the Northern District of Iowa is not an essential conduct element for sex trafficking because the mere placement of an ad in the Northern District is something different from the locus delicti of 1) where the defendant knowingly recruit, entice, harbor, transport, provide, obtain, and maintain by any means each of the four alleged victims, and 2) where the defendant knowingly or reckless disregard that fact that means of force, threats of force, fraud, coercion, and any combination of these means would be used to cause each of the four alleged victim to engage in a commercial sex act.

To iterate, Section 2422(a)'s only essential conduct element is that the Defendant persuaded, induced, enticed, and coerced each of the three victims to travel in interstate commerce.

---

[5] The Defense acknowledges that the "transporting" of these victims through this district of Iowa arguably satisfies an essential conduct element of Section 1591(a). See § 3237(a).

The Defense denies that any "persuasion, inducement, enticement, and coercion" of any of the three victims to travel in interstate commerce occurred in the Northern District of Iowa. Similarly (and respecting counts five, seven and eight), § 2422(a)'s second element (that a state line was crossed), either that element is not an essential conduct element or its conduct occurred in the Southern District of Iowa (where the alleged victims likely crossed into Illinois). No state line was crossed in the Northern District. Because § 2422(a)'s third element is its *mens rea*, it did not occur in the Northern District of Iowa. *See Smith*, 22 F.4th at 1243 (finding that mens rea is irrelevant to venue).

Turning to whether Congress defined the essential conduct elements of § 1591(a) in terms of its effects, the Defense denies that it did and denies that any effects of those counts were felt in the Northern District of Iowa. *See Walls*; *Dejesus*.

Congress also does not appear to have defined § 2422(a) in terms of its particular effects. *See Bowens*, at 314 (holding that Section 1071 which prohibits "harboring or concealing a person" is not defined in terms of its particular effects). However, assuming that Congress did define § 2422(a) in terms of its effects, because it is unlikely that the victims in counts five, seven and eight crossed into Illinois from the Northern District of Iowa, the Defense denies that its effects were felt in the Northern District of Iowa.

Because Congress did not specifically define § 2422(a) in terms of its particular effects and because any effects were not felt in this District, venue is only proper in the Northern District of Iowa if the location of an essential conduct element of § 2422(a) was the Northern District of Iowa. Because it was not, venue for counts five thru eight (and counts five, seven and eight in particular) is improper in this District.

The Defense acknowledges, however, that should this Court determine that the location for an essential conduct element for the above-captioned counts occurred in the Northern District of Iowa or that Congress defined the essential conduct elements of §§ 1591(a) and 2422(a) in terms of their effects, that the question of venue becomes a factual one for the jury. Moreover, where the issue of venue is only a factual (not legal) one, the Defense recognizes that Court must presume the truth of the allegations in the indictment and consider whether venue is proper based only on those allegations. *Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16, 72 S. Ct. 329, 96 L. Ed. 367 (1952). The Defense also acknowledges that "An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits." *Costello v. United States*, 350 U.S. 359, 363, 76 S. Ct. 406, 100 L. Ed. 397, 1956-1 C.B. 639 (1956) (footnote omitted). Indeed, the Eighth Circuit has held that the "indictment need not detail specific acts that support" venue. *United States v. Hardaway*, 999 F.3d 1127, 1130 (8th Cir. 2021).

As such, the Defense acknowledges that to challenge venue, Thomas may have to proceed to trial and force the Government to sustain its burden of proof. *Id.* at 1130; *see Mink* at 602 ("Venue ordinarily is a question of fact for the jury and must be instructed upon if in issue."); *United States v. Lopez*, 880 F.3d 974, 982 (8th Cir. 2018). The Defense notes that the Government bears the burden of proving venue at trial by a preponderance of the evidence. *See United States v. Morrissey*, 895 F.3d 541, 550 (8th Cir. 2018)).

Should the Court deny the Defense's motion at this time, Thomas notices that he files the instant motion to preserve this issue for trial, to reserve the right to contest venue during trial, and to foreclose any argument from the Government that the Defense must challenge venue before trial to raise the issue of venue during trial. *See Morrissey*, at 551; *Unpradit*, at 628 (assuming without

8

deciding that a Rule 29(c) motion preserves a challenge to venue). In addition, if the Court denies the Defense's renewed motion to dismiss at trial (or motion for judgment of acquittal), the Defense respectfully requests that the Court instruct the jury (as to all counts) on the issue of venue at the close of evidence. *See id*.

FEDERAL DEFENDER'S OFFICE
222 Third Avenue SE, Suite 290
Cedar Rapids, IA 52401-1509
TELEPHONE: (319) 363-9540
TELEFAX: (319) 363-9542

BY: /s/ Christopher J. Nathan
CHRISTOPHER J. NATHAN
Christopher_nathan@fd.org
ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

By: /s/ Melissa Dullea